# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REGINALDO J. DOMINGUEZ,

Plaintiff,

v.

EDWARD S. ALAMEIDA, JR., et al.,

Defendants.

/

CASE NO. CV-F-03-6510 OWW LJO P

FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO STRIKE BE DENIED, AND DEFENDANTS' MOTION TO DISMISS BE GRANTED

(Doc. 23)

I. Motion to Dismiss for Failure to Exhaust

A. Procedural History

Plaintiff Reginaldo J. Dominguez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed March 26, 2004, against defendants Bhatt, Shook, Marquez, Thomas, Ramirez, and Avila ("defendants") for violating the Eighth Amendment with respect to plaintiff's medical care. On January 3, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the administrative remedies. Plaintiff filed an opposition on January 24, 2005, and defendants filed a reply on January 31, 2005.[1]

///

///

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on September 2, 2004. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 12.)

B.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues

of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. Discussion

In his complaint, plaintiff, a state prisoner proceeding pro se, alleges that defendants violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs. Plaintiff alleges that he has Hepatitis C and that, due to an earlier injury, he developed a mass in his right ankle area which began causing him immense pain. (Doc. 8, Amend. Comp.)

Plaintiff's claims against defendants Shook, Thomas, and Marquez arose while plaintiff was at California State Prison-Calipatria (Calipatria). (Id.) Plaintiff's claim against defendant Shook, a physician, arises from plaintiff's allegation that defendant Shook refused to provide him with any medical treatment for Hepatitis C. (Id., p. 6-7.) Plaintiff's claim against defendant Marquez arises from her alleged refusal to comply with a doctor's order to provide plaintiff with soft soled boots for his foot problems. (Id.) Finally, plaintiff's claim against defendant Thomas arises from defendant's alleged refusal to provide plaintiff with treatment for Hepatitis C. (Id.)

Plaintiff's claims against defendants Bhatt, Ramirez, and Avila arose while plaintiff was at the California Substance Abuse Treatment Facility (SATF). (Id., p. 2-3.) Plaintiff alleges that after he was transferred from Calipatria to SATF on June 26, 2003, Dr. D. Smith performed surgery on plaintiff's ankle and prescribed Vicodin every four hours for seven days and Motrin for thirty days thereafter for pain. (Id., p. 7.) Plaintiff alleges that defendant Ramirez refused to provide him with the pain medication that was ordered by Dr. Smith. (Id., p. 8-10.) Plaintiff alleges that his incision became infected and defendants Ramirez and Avila refused to clean his wound and change the dressing. (Id.) Plaintiff also alleges that when he requested to see a doctor concerning his wound, he was told by defendants Ramirez and Avila that he would have to fill out a sick call slip and would be seen by a doctor in two to three weeks. (Id.) Plaintiff alleges that defendant Bhatt was responsible for enacting policies prohibiting the dispensation of pain medicine and prohibiting medical staff other than physicians from cleaning wounds and changing wound dressing. (Id.) Plaintiff alleges that on or around July 3, 2003, Mr. Arline, the appeals coordinator, ensured that

///

plaintiff was taken to the emergency room, where Dr. Snow and another physician stated that they did not understand why plaintiff was not seen earlier or given his medication. (Id., p. 11.)

Defendants argue that they are entitled to dismissal of this action because plaintiff did not exhaust the administrative remedies with respect to his claims against them. Defendants submit evidence that plaintiff had three inmate appeals that were accepted for review at the Director's Level. (Doc. 23, Motion, Grannis Dec.) Two of the appeals do not relate to the claims in this action. (Id.) In the third appeal, plaintiff complains generally about his ankle but does not complain about any of the defendants. (Id.) Defendants submit evidence that plaintiff filed three other medical appeals but did not pursue any to the Director's Level of review. (Id., Decs. of Aguiler-Marrero, Fasolo, and Grannis.). Finally, defendants submit evidence that the other inmate appeals filed by plaintiff do not relate to the allegations in the amended complaint or complain against any of the defendants. (Id)

The receipt of a Director's Level decision is not always necessary for exhaustion to occur. In some circumstances, the granting of an inmate appeal at a lower level may satisfy the exhaustion requirement. See Clement v. California Dept. of Corr., No. C 00-1860 CW, 2002 WL 31050915, *5 (N.D. Cal. Sept. 9, 2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v. Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001). Further, identification in the inmate appeal of each defendant by name is not necessary for exhaustion to occur. Butler v. Rianda, 387 F.3d 1181, 1183 (9th Cir. 2005). The touchstone that has been applied by this court is whether the plaintiff has, using the administrative appeal process provided by the Department of Corrections, placed prison officials on notice as to the facts at issue in his claim against the defendants. Therefore, in order to determine whether or not plaintiff's appeals satisfy the exhaustion requirement, the court must examine the relevant appeals.

On December 5, 2001, while at Calipatria, plaintiff submitted appeal log number Cal-D-01-02028 grieving the conduct of defendant Marquez at issue in this action. (Fasolo Dec., Exhibit D.) The appeal was denied at the second level of review on March 20, 2002. (Id.) Plaintiff's allegations against defendant Marquez were found to be unsubstantiated. (Id., Exhibit F.) In order to have exhausted his claim against defendant Marquez, plaintiff was required to pursue his appeal to the

///

Director's Level of review. Thus, this appeal does not satisfy the exhaustion requirement with respect to the claim against defendant Marquez.

After his transfer to the SATF, plaintiff pursued appeal log number SATF-E-03-01071 through the Director's Level of review, where it was denied in September of 2003. In the appeal, which was first submitted by plaintiff on October 15, 2002, plaintiff complains that a doctor examined him and ordered medication but that to date medical staff have failed to see to his needs and have acted unprofessionally. (Aguilera-Marrero Dec., Exhibit C.) Plaintiff further complains that he went to see the Medical Technical Assistant four times for his medication and was told to sign up to see the doctor again. (Id.) Plaintiff's appeal was partially granted at the second level of review on June 27, 2003, and plaintiff thereafter pursued it to the final level of review.

This appeal does not satisfy the exhaustion requirement with respect to any of plaintiff's claims against the defendants in this action. Although plaintiff complains very generally about his medical needs being met, the appeal does not grieve the facts at issue in plaintiff's claims against defendants Bhatt, Ramirez, and Avila. Specifically, the appeal, which was submitted by plaintiff months *before* the claims against defendants Ramirez and Avila alleged in the complaint even accrued, contains no mention that following surgery, defendants Ramirez and Avila failed to provide him with pain medication and failed to provide treatment for his infected wound. Further, the appeal contains no mention that defendant Bhatt was responsible for promulgating policies prohibiting the dispensation of pain medication and prohibiting staff other than physicians from cleaning wounds and changing wound dressing. For these reasons, the appeal does not exhaust plaintiff's claims against defendants Bhatt, Ramirez, and Avila.

In appeal log number SATF-E-03-02177, submitted by plaintiff on March 25, 2003, plaintiff complains that he needs to be seen by a podiatrist and that his referrals to one have been impeded or delayed, causing him to suffer pain. (Aguilera-Marrero Dec., Exhibit I.) The appeal was partially granted at the second level of review on September 3, 2003. (Id., Exhibit K.) This appeal does not grieve any of the facts at issue in plaintiff's claims against the defendants in this action.

Appeal log number E-03-03190, submitted by plaintiff on or around July 10, 2003, grieves the conduct of defendants Ramirez and Avila at issue in this action. In the appeal, plaintiff

complains that when he went to see defendant Ramirez on June 28, 2003, for his infected ankle, she sent him away with treatment. (Aguilera-Marrero Dec., Exhibit N.) As set forth in an attachment, plaintiff also complains about the misconduct of defendant Avila. (Id., Exhibit O, p. 3.) The appeal was partially granted at the first formal level of review. (Id., Exhibits N, O.) However, plaintiff's allegations were found to be unsubstantiated.

Plaintiff is attempting to impose liability on defendants Ramirez and Avila in this action for violating his rights under the Eighth Amendment. A partially granted appeal in which plaintiff's allegations of misconduct were found to be unsubstantiated does not satisfy the exhaustion requirement. In order to have exhausted his claims against defendants Ramirez and Avila, plaintiff was required to pursue his appeal to the second level of review and, if necessary in light of the second level response, to the Director's Level of review.

For the reasons set forth by the court, the appeals discussed in the preceding paragraphs do not satisfy the exhaustion requirement with respect to the claims at issue in this action. Defendants have submitted evidence that, with the exception of those appeals, plaintiff has not filed any appeals grieving the facts at issue in his claims against defendants. Accordingly, the court finds that defendants have met their burden and the burden shifts to plaintiff to demonstrate that he has exhausted.

In his opposition, plaintiff moves for a hearing, for a continuance of the motion, and to strike the declarations submitted by defendants in support of their motion. Plaintiff's request for a hearing is denied. Although to court has the discretion to set a hearing in the event that the court deems it necessary, it is not necessary in this instance. Local Rule 78-230(m).

Plaintiff's request that defendants' motion to dismiss be continued until trial is denied. Defendants have properly raised the defense of failure to exhaust in a pre-trial motion to dismiss and are entitled to dismissal of this action if plaintiff did not exhaust his claims. Wyatt v. Terhune, 315 F.3d 1108, 1119-120 (9th Cir. 2003). Plaintiff's contention that defendants waived the defense by filing an answer is without merit. Defendants' motion was timely filed under the court's scheduling order, which provides that pre-trial dispositive motions must be filed on or before August 1, 2005. (Doc. 16.) Finally, plaintiff's contention that because there are material issues of fact in dispute with

respect to the merits of his claims, defendants are not entitled to dismissal is incorrect. If plaintiff has not exhausted, it is immaterial that there exist factual disputes relating to the merits of plaintiff's claims. Wyatt, 315 F.3d at 1119-120.

With respect to plaintiff's motion to strike the declarations pursuant to Rule 12(f), the Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed. R. Civ. P. 12(f) (emphasis added). A motion to strike is limited to pleadings. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). However, a "motion to strike" materials that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered material] may properly be relied upon." United States v. Crisp, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting Monroe v. Board of Educ., 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions].") (citations omitted)).

Plaintiff has set forth no grounds that support striking the declarations from the record. Plaintiff's contentions that the declarations are irrelevant to the issues in this action and that declarant N. Grannis's statement that plaintiff has filed numerous appeals is "'cruelly' derogatory" are wholly without merit. (Doc. 25, Opp., 5:23.) Declarations such as those submitted by defendants in support of their motion constitute proper evidence.

Plaintiff has set forth no evidence that he exhausted his claims against defendants. Satisfaction of the exhaustion requirement does not require that plaintiff identify each defendant by name in the appeal or set out in the appeal each fact giving rise to his claims with the precision of an attorney. However, satisfaction of the exhaustion requirement does require that plaintiff file an inmate appeal placing prison officials on notice as to the misconduct that subsequently gives rise to his claims for relief in a court action.

The appeals reviewed by this court do not satisfy this requirement. Plaintiff contention that the appeal he pursued to the Director's Level of review was comprised from consolidation of all of his appeals concerning problems with his medical care is unpersuasive. The appeal that was pursued

to the Director's Level does not grieve his claims against the defendants in this action. Further, the two appeals that did grieve the misconduct of defendants Ramirez, Avila, and Marquez were not exhausted. Accordingly, defendants are entitled to dismissal of this action, without prejudice, on the ground that plaintiff failed to exhaust the administrative remedies in compliance with 42 U.S.C. § 1997e(a).

D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to strike the declarations submitted by defendants in support of their motion be DENIED;
2. Defendants' motion to dismiss, filed January 3, 2005, be GRANTED; and
3. This action be dismissed, without prejudice, on the ground that plaintiff failed to exhaust the administrative remedies in compliance with 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 9, 2005** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE